UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
*Waco Division*

| | | |
|---|---|---|
| **C. MICHAEL KAMPS** § | | **CIVIL ACTION NUMBER:** |
| **Plaintiff,** § | | |
| § | | |
| **v.** § | | |
| § | | |
| **BAYLOR UNIVERSITY,** *et al*, § | | **W-12-CA-283** |
| **Defendants** § | | |

**PLAINTIFF'S MOTION FOR RECUSAL OF
THE HONORABLE WALTER S. SMITH, JR.
AND
MOTION FOR THE RECUSAL OF
THE HONORABLE JEFFREY C. MANSKE;
OR, IN THE ALTERNATIVE,
MOTION TO COMPEL DISCLOSURE**

TO THE HONORABLE JUDGE AND MAGISTRATE OF SAID COURT:

NOW COMES C. Michael Kamps ("Plaintiff") with his Motion for Recusal of the Honorable Walter S. Smith, Jr. and Motion for the Recusal of the Honorable Jeffrey C. Manske; or, in the Alternative, Motion to Compel Disclosure, and in support thereof would respectfully show this Honorable Court as follows:

**BACKGROUND**

1.   Petitioner filed his initial action in the United States Court for the Western District of Texas, Austin Division, purposely avoiding this Honorable Court because of the widely known facts concerning the relationship between the Honorable Walter S. Smith, Jr. ("Judge Smith") and Defendant Baylor University, facts which, if known by "the average person on the street," would call into question Judge Smith's impartiality.

Additionally, Plaintiff sought to avoid having this case adjudicated in Waco because of his sense that other members or personnel of the Court would also have ties to one or more Defendants.

2. Subsequent to the initial filing, Defendants hired as counsel the very law firm which Judge Smith left for the bench.

3. Defendants successfully moved to transfer the case to Waco despite Plaintiff's strenuous objection.

4. Plaintiff's sense that additional ties exist between this Court and Defendants was confirmed with the Order assigning significant authority in the case to the Honorable Jeffrey C. Manske ("Magistrate Manske").

5. Plaintiff Petitioned the Fifth Circuit Court of Appeals for a Writ of Mandamus or Prohibition, seeking vacatur of the Austin Court's transfer order. This Court stayed the case pending the Fifth Circuit's decision.

6. The Fifth Circuit denied Plaintiff's Petition, finding that Plaintiff failed to show a clear and indisputable right to mandamus relief. This finding was based on the fact that Plaintiff could move for recusal and, in the event the motion was denied, raise that issue on appeal – thus providing an appellate remedy "for the potential harm that he foresees."

7. Plaintiff moved for reconsideration at the Fifth Circuit and moved to extend the stay in this Court.

8. The Fifth Circuit denied the motion for reconsideration, and this Court subsequently denied the motion to extend the stay.

## STATUTE AND ARGUMENT

9. 28 USC § 455(a) provides, "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

10. The purpose of this provision is "to promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S.847, 859-860 (1988) (*"Liljeberg"*).  "[T]he protection of the integrity and dignity of the judicial process from any hint or appearance of bias is the palladium of our judicial system." *United States v. Columbia Broadcasting System Inc.*, 497 F.2d 107, 109 (5th Cir. 1974).

11. "Whether a judge actually has a bias . . . is irrelevant — section 455(a) sets an objective standard that does not require scienter." *Moran v. Clarke,* 247 F.3d 799,805 (8th Cir. 2001), citing *Liljeberg* at 859-60. "We have recast the question as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" *Ibid.* quoting *In Re Kansas Public Employees Retirement Ssystem*, 85 F.3d (8th Cir. 1996) 1353 1358. ("*In re KPERS*") "[D]isqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Potashnick v. Port City Const. Co*., 609 F.2d 1101 1111 (5th Cir. 1980) (citing *Disqualification of Judges and Justices in the Federal Courts*, 86 Harv.L. Rev. 736, 745 (1973). "The use of '*might* reasonably be questioned' in section 455(a) (emphasis added [by the court]) clearly mandates that it would be preferable for a judge to err on the side of caution and disqualify himself in a questionable case." *Id*. at 1112. "No one doubts that a neutral and detached judge is essential to the provision of a fair hearing." 86 Harv. L. Rev. 736, 746.

"Litigants ought not have to face a judge where there is a reasonable question of impartiality . . ." *In re KPERS* at 1359, quoting S.Rep. No. 93-419, 93rd Cong., 1st Sess. 5 (1973).

12.     "[J]ustice must satisfy the appearance of justice." *In re Murchison,* 349 U.S. 133, 136 (1955) quoting *Offutt v. United States* 348 U.S. 11, 14 (1954).

### FACTS CALLING INTO QUESTION JUDGE SMITH'S IMPARTIALITY

13.     Plaintiff requests the Court consider the following facts which would cause the average person on the street to reasonably question Judge Smith's impartiality in this case.  Plaintiff invokes the conscience of the Court, in light of these facts, and requests recusal of Judge Smith without the need for an in-depth questionnaire exploring all ties Judge Smith may have with one or more Defendants in this case.  All of these facts are drawn from the Court's website, Defendant Baylor's website or the website of counsel for Defendants.

14.     From the Court's website, Judge Smith's biography:

- Judge Smith received his undergraduate degree from Defendant Baylor

- Similarly, his law degree from Baylor's School of Law

- Judge Smith's last listed employment, prior to becoming Judge for the 54th District Court, McLennan County, was Haley, Fulbright, Winniford and Bice (now Fulbright Winniford, PC).  Fulbright Winniford, PC is counsel for Defendants.

15.     From Baylor's Website:

- Judge Smith is listed as a Friend and Alumnus of Baylor University

- Also honored on the list of Prominent Alumni

**PLAINTIFF'S MOTION FOR RECUSAL OF THE HONORABLE**
**WALTER S. SMITH, JR. AND MOTION FOR THE RECUSAL OF**
**THE HONORABLE JEFFREY C. MANSKE; OR, IN THE**
**ALTERNATIVE, MOTION TO COMPEL DISCLOSURE**                         **Page 4 of  9**

- The Judge Walter S. Smith Endowed Scholarship Fund in Law is established at Baylor University

- Chosen by the Baylor Law graduating class to give the Commencement Address

- Judged Moot Court contest for Baylor's Law School

- Several of Baylor's past and present faculty members worked for Judge Smith

- Judge Smith currently provides externship opportunities to Baylor Law students through Baylor's Law School. According to the 2012-2013 Externship Manual, Judge Smith and Magistrate Manske are the only Federal Judges with which Baylor Law School enjoys such relationship.

16. From Fulbright Winniford, PC's website:

- Keith Dorsett, counsel for Defendants, moved to Waco for a judicial clerkship under Judge Smith, and was so employed for more than 2 years

- Dan N. MacLemore, counsel for Defendents, moved to Waco to serve as briefing attorney for Judge Smith, and was so employed for approximately 2 years.

## FACTS CALLING INTO QUESTION MAGISTRATE MANSKE'S IMPARTIALITY

17. Plaintiff also requests the Court consider the following items of publicly available information, and seeks the recusal of Magistrate Manske on the basis of these facts, without the need to discover additional ties Magistrate Manske may have with Defendants. All of the information presented is from Baylor's Website, as the Court's website does not list any biographical information for Magistrate Manske.

- Magistrate Manske received his undergraduate degree from Baylor

- Magistrate Manske has a page on Baylor's website where he expresses his gratitude to Baylor for its part in his personal and career development.  "<u>I strongly believe that if I had not attended Baylor</u> and majored in philosophy <u>I would not be as well prepared as I am now to face the challenges in my job</u>. (emphasis supplied)  **Thank you Baylor!**" (emphasis in original)

- While a Baylor Law student, Stephen Rispoli considered his internship with Magistrate Manske one of his most rewarding experiences.  Mr. Rispoli is now the Director of Student Relations and Pro Bono Programs at Baylor's Law School

- Magistrate Manske was, while a Magistrate Judge at the Waco Court, also a professor at Baylor's Law School

- Magistrate Manske coached the Baylor Law School mock trial team and, with Judge Smith, judged the Law School's Moot Court contest

- Magistrate Manske currently provides externship opportunities to Baylor's Law students through Baylor's Law School.

### ALTERNATIVE MOTION TO COMPEL DISCLOSURE

18.     Plaintiff has made several attempts, and been rebuffed each time, to discover the names of the members of the Admissions Committee and the Scholarship Committee for Baylor Law School.

19.     Plaintiff is generally content to gain this information during discovery; however, in the event that Judge Smith or Magistrate Manske (or both) deny Plaintiff's Motion for

Recusal based on publicly available information, the identities of the committee members will be required so that Plaintiff may inquire as to the Court's ties to these individuals.

20.  In the event, and only in the event, that either or both of Plaintiff's motions for recusal are denied, Plaintiff requests the Court compel Defendant Baylor to release this information.

## CONCLUSION

21.  The relationships which exist between and among Judge Smith, Magistrate Manske, Baylor University and counsel for Defendants, and which are available public knowledge, would cause a reasonable person to question the impartiality of Judge Smith and Magistrate Manske where Baylor is a defendant, and especially where Baylor is defending the actions of its Law School.

22.  These relationships include both judges' undergraduate degrees; Judge Smith's legal education; Magistrate Manske's employment; both judges' volunteer efforts on behalf of Baylor and provision of externship opportunities through Baylor; Judge Smith's apparent financial support of Baylor; Magistrate Manske's public praise of Baylor; honors and praise bestowed upon both judges by Baylor and the staff of Baylor's Law School; and the revolving door of employment between and among the judges, Baylor (especially Baylor's Law School) and counsel for Defendants.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that:

  - Judge Smith recuse himself from these proceedings and that another judge, with no ties to Defendants, be appointed to hear this case;

- Magistrate Manske recuse himself from these proceedings and, if necessary, another magistrate, with no ties to Defendant, be appointed to this case; OR

- In the event, and only in the event, that the public information is not considered sufficient to require the recusal or Judge Smith or Magistrate Manske, Baylor University be ordered to divulge the identities of all members who sat on the Admissions Committee and/or Scholarship Committee of its Law School during consideration of the fall entering classes of 2010, 2011 and 2012.

Respectfully submitted,

BY: **/s/ C. Michael Kamps**
C. Michael Kamps, Plaintiff *pro se*
Telephone      (214) 478-1180
Facsimile       (972) 692-5857
kamps@heritagefunding.com
214 Glenn Avenue
Rockwall, Texas   75087

## CERTIFICATE OF SERVICE

I certify that, on October 1, 2013 a true and correct copy of Plaintiff's Motion for Recusal of the Honorable Walter S. Smith, Jr. and Motion for The Recusal of the Honorable Jeffrey C. Manske; or, in the Alternative, Motion to Compel Disclosure will be served on counsel for Defendants, as follows.  Service will be accomplished through the NEF:

Mr. Andy McSwain
Mr. Keith Dorsett
Mr. Dan N. MacLemore
Fulbright Winniford
A Professional Corporation
PO Box 445
Waco, Texas   76703-0445


> /s/ C. Michael Kamps
>
> C. Michael Kamps